UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MASONRY SECURITY PLAN OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> J-3 CONTRACTING LLC, <br><br> Defendant. | CASE NO. C22-1390 MJP <br><br> ORDER ON MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Default Judgment. (Dkt. No. 13.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion and ENTERS Default Judgment in Plaintiff's favor on the terms specified in this Order.

## BACKGROUND

This action concerns Plaintiffs' allegations that Defendant failed to report and pay fringe benefit contributions from April through August 2022 as required under ERISA. (See Compl. ¶¶ 3.10-3.15 (Dkt. No. 1).) Plaintiffs are Taft-Hartley trust funds variously established to provide employee welfare benefit pension plans and benefit plans for the participating employees on

ORDER ON MOTION FOR DEFAULT JUDGMENT - 1

|   |   |
|---|---|
| 1 | whose behalf contributions have been paid, and to create and administer apprenticeship and |
| 2 | training plans. (Id. ¶¶ 1.1-1.4.) Defendant J-3 Contracting LLC contracted with the Port of |
| 3 | Seattle to perform work on a restroom renovation project. (Id. ¶ 3.1.) As part of this contract, |
| 4 | Defendant agreed to be bound by a Project Labor Agreement, which required payment of fringe |
| 5 | benefits to Plaintiffs. (Id. ¶¶ 3.1-3.5.) Defendant agreed, among other things to: (1) submit |
| 6 | reports to Plaintiffs; (2) pay liquidated damages at various rates on delinquent contributions; (3) |
| 7 | pay interest on delinquent and unpaid contributions; and (4) pay attorneys' fees and costs, |
| 8 | auditor fees, and collection costs. (Id. ¶¶ 3.6-3.9.) Defendant failed to pay complete fringe |
| 9 | benefit payments for April and May 2022 and refused to provide remittance reports for June |
| 10 | 2022. (Id. ¶¶ 3.11-3.12.) Plaintiffs filed suit after their remand letter went unanswered and |
| 11 | Defendant has not participated in this action despite being properly served. (Id. ¶¶ 3.13-3.14.) In |
| 12 | moving for default judgment, Plaintiffs state that Defendant owes $20,383.15 for the months of |
| 13 | April and May 2022, consisting of $17,077.57 in delinquent and unpaid fringe benefit |
| 14 | contributions, $2,083.50 in liquidated damages, and $1,222.08 in accrued prejudgment interest |
| 15 | calculated through January 17, 2022. (Mot. at 7 (citing Declaration of Paul Sangalang at 271-76 |
| 16 | (Dkt. No. 14)).) Plaintiffs also seek an award of $7,725.00 in attorneys' fees, and $506.00 in |
| 17 | costs. (Mot. at 9 (citing Declaration of Jeffrey Maxwell (Dkt. No. 15)).) |

## ANALYSIS

A court's decision to enter a default judgment is discretionary. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

|   |   |
|---|---|
| 1 | (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure. |

Id. at 1471-72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

As an initial matter, the Court finds that it has jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(f), and 29 U.S.C. § 185. The Court also finds that venue is proper under 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a) because Plaintiffs are administered in this District.

The Court finds that the Eitel factors weigh in favor of entry of default judgment. First, without an order granting default judgment, Plaintiffs and their ultimate beneficiaries may be denied fringe benefits to which they are due. Second, Plaintiffs have presented cogent allegations, which the Court accepts as true, that Defendant has failed to timely and fully pay fringe benefits as required under the relevant trust agreements. Third, the Complaint is adequately drafted and sets for the basis for relief. Fourth, the amount of money at stake is unclear given the present allegations. Fifth, the current allegations do not appear to be subject to a dispute of fact. Sixth, there does not appear to be any basis to find excusable neglect given Defendant's decision not to participate in this action to date despite being properly served. Seventh, while the Federal Rules favor a decision on the merits, the Court finds that absent a default judgment Plaintiffs will be stymied in their efforts to vindicate their rights and protect the rights of the covered workers to obtain full fringe benefits. On balance, the Court finds that the Eitel factors weigh in favor of entry of default judgment.

ORDER ON MOTION FOR DEFAULT JUDGMENT - 3

As to the substance of the requested default judgment, the Court finds adequate support for the requested amounts. (See Sangalang Decl. at 271-76.) Specifically, the Court finds the following amounts are owed and shall be reduced to judgment: (1) $17,077.57 in fringe benefit contributions under ERISA for the period April 1, 2022 through May 31, 2022; (2) $2,083.50 in liquidated damages as allowed under 29 U.S.C. §1332(g)(2)(C)(ii); and (3) $1,222.08 in accrued prejudgment interest at the rates specified in the applicable trust agreements as allowed under 29 U.S.C §1332(g)(2).

The Court also finds that Plaintiffs are entitled to attorneys' fees and costs incurred to date. The Court assesses this request under the relevant criteria outlined in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70, abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992):

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. Plaintiffs have supported each of these factors in a declaration from counsel. (Dkt. No. 15.) The Court finds this evidence persuasive that the hours expended, the costs incurred, and the hourly rates requested are reasonable. Given the records provided, the Court awards Plaintiffs $7,725.00 in attorneys' fees and $506.00 in costs. (See id.)

## CONCLUSION

The Court GRANTS Plaintiffs' Motion for Entry of Default Judgment.

\\

\\

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated January 27, 2023.

3    

4    

                                            Marsha J. Pechman
                                            United States Senior District Judge